IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMY COOPER                                                                                    PLAINTIFF

v.                                      CIVIL NO. 15-3120

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Amy Cooper, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability and disability insurance benefits ("DIB"), disabled widow's benefits ("DWB"), and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for SSI on October 30, 2012, and her applications for DIB and DWB on December 5, 2012. (ECF No. 11, p. 103). In her applications, Plaintiff alleges disability due to arthritis, irritable bowel syndrome ("IBS"), diverticulitis, torn rotator cuff of the dominant right shoulder, bilateral carpel tunnel syndrome,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

bilateral knee injuries requiring surgery, bilateral hip and feet problems, and general numbness and tingling. (ECF No. 11, p. 308). Plaintiff alleges an onset date of September 23, 2012. (ECF No. 1, pp. 103, 304). These applications were denied initially and again upon reconsideration. (ECF No. 8, pp. 103, 162-204).

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (ECF No. 11, p. 223). Plaintiff's administrative hearing was held on February 12, 2014, in Fort Smith, Arkansas (ECF No. 11, pp. 123-161). Plaintiff was present and was represented by Frederick Spencer. Id. Plaintiff and Vocational Expert ("VE") Sara Moore testified at this hearing. Id. At the time of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. §§ 404.1563(d), 416.963(d). (ECF No. 11, pp. 123, 304). As for her level of education, Plaintiff has a high school diploma. Id. at 130.

After this hearing, on July 30, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB, DWB, and SSI. (ECF No. 11, pp. 100-17). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2008. (ECF No. 11, p. 106, Finding 1). The ALJ found Plaintiff met the non-disability requirements of the Act for DWB. (ECF No. 11, p. 106, Finding 2). The ALJ found the prescribed period ended on November 30, 2013. (ECF No. 11, p. 106, Finding 3). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 23, 2012, her alleged onset date. (ECF No. 11, p. 106, Finding 4). The ALJ determined Plaintiff had the following severe impairments: degenerative joint disease, right shoulder impingement, carpal tunnel syndrome, arthritis, knee pain, hip pain, feet pain, and obesity. (ECF No. 11, pp. 106-08, Finding 5). Despite being severe, the ALJ determined these impairments did not meet or

medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 11, pp. 108-09, Finding 6).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 11, pp. 109-15, Finding 7). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to perform:

> light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except [Plaintiff] can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs; [Plaintiff] can occasionally reach overhead with her right upper extremity; [Plaintiff] can handle and finger on a bilateral basis frequently; and [Plaintiff] is limited to jobs that can be performed while using a hand held assistive device for prolonged ambulation.

Id.

The ALJ then determined Plaintiff was able to perform her Past Relevant Work ("PRW") as a bar and grill manager and liquor store owner. (ECF No. 11, pp. 115-16, Finding 8). The ALJ subsequently determined Plaintiff had not been under a disability, as defined by the Act, from September 23, 2012, through July 30, 2014, the date of the ALJ's decision. (ECF No. 11, p. 116, Finding 9).

Thereafter, on August 7, 2014, Plaintiff requested a review by the Appeals Council (ECF. No. 11, p. 99). The Appeals Council denied this request on October 29, 2015. (ECF No. 11, pp. 5-10). On December 11, 2015, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on December 15, 2015. (ECF No. 6). This case is now ready for decision.

**II.   Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial

3

evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

4

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion:

Plaintiff raises two issues on appeal: 1) the ALJ erred in failing to find Plaintiff's degenerative disc disease of the lumbar and cervical spine and resulting back pain severe impairments; and 2) the ALJ failed to propound an accurate hypothetical to the VE that provided any detail of Plaintiff's upper extremity impairments and their vocational impacts, which resulted in an erroneous determination of her RFC. (ECF No. 9).

#### A. Severe Impairments

At Step Two, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability. Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Id. (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987); 20 C.F.R. §§ 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." Id. (citing Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)).

Plaintiff specifically argues the ALJ failed to find Plaintiff's degenerative disc disease a severe impairment. Although the ALJ's bolded finding lists "degenerative joint disease," as a severe impairment, the ALJ's opinion denotes that he used the term interchangeably with "degenerative disc disease." (ECF No. 11, p. 106). The ALJ stated as follows:

> The undersigned finds that [Plaintiff's] degenerative disc disease has more than a minimal effect on [Plaintiff's] physical ability to do basic work activities and is therefore severe consistent with SSR 85-28. [Plaintiff's] degenerative disc disease could reasonably cause pain and limit [Plaintiff's] pushing, pulling, reach, lifting, carrying, walking, standing, and sitting.

(ECF No. 11, p. 106). The ALJ then went on to discuss Plaintiff's right shoulder impingement, carpal tunnel syndrome, obesity, arthritis, and her disorders of her hips, knees, and feet, which the ALJ determined were all severe impairments. The ALJ did determine Plaintiff's degenerative disc disease was a severe impairment. The ALJ's failure to specify "disc" disease in his heading with regard to his fifth finding of fact is a deficiency in opinion writing technique, but the ALJ's discussion is clear and this error harmless.

### B.   Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a

claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 946, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The ALJ discussed Plaintiff's extensive activities of daily living, the objective medical evidence, the mostly conservative treatment Plaintiff received, Plaintiff's successful surgery to repair her right shoulder, Plaintiff's failure to keep appointments and follow up with healthcare providers, as well as her part-time employment and her receipt of unemployment benefits. (ECF No. 11, pp. 111-14). The ALJ also noted that although Plaintiff suffered from some degree of pain, her pain was somewhat relieved by medication. (ECF No. 11, pp. 111-12). Based on review of the record as a whole, this Court finds substantial evidence supports the ALJ's credibility assessment and because the ALJ provided good reasons for discounting Plaintiff's subjective complaints, this Court defers to the ALJ's credibility determination. see Leckenby v. Astrue, 487 F.3d 626, 632 (8th Cir. 2007) (this Court defers to the ALJ's credibility determination when it is supported by good reasons and substantial evidence).

### C. ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545, 416.945. It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional

7

capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ's RFC determination accounts for all of Plaintiff's medically determinable impairments. Plaintiff contends that the ALJ failed to account for Plaintiff's carpal tunnel syndrome and right shoulder impingement in the RFC. (ECF No. 14). The ALJ's RFC determination specifically accounts for Plaintiff's carpal tunnel syndrome and right shoulder impingement by limiting Plaintiff to occasional reaching with the right upper extremity and frequent bilateral fingering. (ECF No. 11, p. 109). The ALJ fully summarized all of Plaintiff's medical records and separately discussed each of Plaintiff's alleged impairments. Moreover, the ALJ summarized how each limitation contained in the RFC determination related to Plaintiff's severe impairments. (ECF No. 11, p. 113). The ALJ stated as follows:

> [t]he undersigned has also considered [Plaintiff's] alleged shoulder pain, shoulder repair, and the possible remaining tenderness and/or limitations, and thus finds that [Plaintiff's] [RFC] should involve work where she may frequently be required to handle and finger (bilaterally); but where she is only occasionally required to reach overhead with her right upper extremity.

(ECF No. 11, p. 113). This variance from constant reaching with the right upper extremity and constant bilateral fingering represents a significant limitation to Plaintiff's RFC.

The Court notes that in determining Plaintiff's RFC, the ALJ considered the medical opinions of many treating physicians, surgeons, and specialists, as well as those of the non-examining state agency consultants, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function

8

to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on review of the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D.     Hypothetical Questions to the Vocational Expert:

Plaintiff's argument with regard to the hypothetical questions posed to the VE is essentially a disagreement with the ALJ's RFC determination. After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments that the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from returning to her PRW as a bar and grill manager or liquor store owner. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

9

IT IS SO ORDERED this 8th day of March, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE